**Charles L. TURNER, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 96–SC–1119–KB.**

Supreme Court of Kentucky.

Jan. 30, 1997.

---

*OPINION AND ORDER*

Charles L. Turner of Louisville was charged with one count of conspiracy, a felo- ny offense, and two counts of aiding and assisting the preparation and presentation of false and fraudulent income tax returns, a felony offense, in the United States Federal District Court for the Western District of Kentucky. These charges arise from his representation of a client in the preparation of income tax returns for 1987 and 1988. Turner knew that the tax returns were false and fraudulent and entered a plea of guilty to Counts 1, 4 and 5 of the indictment. Pursuant to SCR 3.166, Turner was automatically temporarily suspended from the practice of law effective the day following his guilty plea.

Turner was charged by the Inquiry Tribunal with one count of violating DR 1–102(A)(3), (4) and (6). Turner admits to the course of conduct alleged in the Federal District Court indictment. Turner also has admitted that his criminal conduct is in violation of DR 1–102(A)(3), (4) and (6) of the Code of Professional Responsibility made applicable to his conduct by former SCR 3.130 (as effective through December 31, 1989). DR 1–102(A)(3), (4) and (6) provide that a lawyer shall not engage in illegal conduct involving moral turpitude, engage in conduct involving dishonesty, fraud, deceit or misrepresentation and engage in any other conduct that adversely reflects on his fitness to practice law.

Turner was also charged by the Inquiry Tribunal with two counts of violating SCR 3.130–1.3 for failing to act with reasonable diligence and promptness in representing a client. Turner represented an estate. During the course of that representation, Turner failed to file a final settlement, failed to file an Inheritance and Estate Tax Return with the Revenue Cabinet, and failed to deliver the checks to pay the inheritance and estate taxes.

Turner also failed to file any pleadings on behalf of a client regarding his divorce case, also in violation of SCR 3.130–1.3. Turner was to pay child support on the client's behalf while the client was out of the country. The client paid Turner $10,011.00 to be paid on the child support. Turner paid $4,340.80 on child support and refunded $2,616.00 to the client. Turner admits that he has not

paid the remaining $3,054.20 for the child support nor has he reimbursed the client for that amount. This conduct is in violation of SCR 3.130–1.15(b) which provides that "[u]pon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property."

Turner has agreed to tender his resignation from the practice of law in Kentucky and as a member of the Kentucky Bar Association. He was admitted to practice law in Kentucky in 1972. Turner acknowledges that he has a desire to terminate the disciplinary proceedings against him by surrendering his license to practice law in the Commonwealth of Kentucky under terms of disbarment.

The Kentucky Bar Association has indicated that his motion to resign his license under terms of disbarment is acceptable, while noting that Turner has committed unethical and unprofessional acts in conjunction with the divorce client.

Therefore, it is ordered that the motion of Charles L. Turner to resign from the practice of law in the Commonwealth of Kentucky under terms of disbarment is granted.

It is further ordered that:

1) Turner shall not be permitted to engage in the practice of law in Kentucky until such time as the Supreme Court of Kentucky enters an order reinstating his license and membership in the Kentucky Bar Association.

2) Turner shall not file an application for reinstatement for a period of five years.

3) Any application for reinstatement shall be governed by KRS 3.520 or any subsequent amendment thereto regarding reinstatement in case of disbarment.

4) All disciplinary proceedings against Turner shall be terminated and the cost thereof, $49.07, shall be paid by him in accordance with SCR 3.450.

5) Pursuant to SCR 3.390, Turner is hereby ordered to provide notice to any clients he currently represents of his inability to provide further legal services, to notify all courts in which he has matters pending of his resignation under terms of disbarment and to provide the director of the Kentucky Bar Association with a copy of all such letters simultaneously to their mailing.

All concur.

Entered January 30, 1997

/s/ Robert F. Stephens
Chief Justice